[Cite as *State v. Hassinger*, 2013-Ohio-1619.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J.<br>Plaintiff-Appellee      Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |

STATE OF OHIO

    Plaintiff-Appellee

-vs-

RYAN C. HASSINGER

    Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P. J.
Hon. John W. Wise, J.
Hon. Craig R. Baldwin, J.

Case No. 12 COA 023

O P I N I O N


CHARACTER OF PROCEEDING:    Criminal Appeal from the Municipal Court, Case No. 12 TR D 1791


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    April 12, 2013


APPEARANCES:

For Plaintiff-Appellee

W. DAVID MONTAGUE
ASSISTANT DIRECTOR OF LAW
1213 East Main Street
Ashland, Ohio 44805

For Defendant-Appellant

RYAN C. HASSINGER
419 Luther Street
Ashland, Ohio 44805

*Wise, J.*

**{¶1}** Appellant Ryan C. Hassinger appeals his conviction entered in the Ashland Municipal Court on one count of speeding.

**{¶2}** Appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND CASE

**{¶3}** The undisputed facts and procedural history are as follows:

**{¶4}** On March 12, 2012, Appellant Ryan Hassinger was stopped and issued a citation for speeding 66 miles per hour in a 50 mile per hour zone. The citing officer used the accepted ticket from the appendix of forms for the MULTICOUNT UNIFORM TRAFFIC TICKET (as amended in 1/1/10). This traffic ticket was signed by the citing officer and signed by Appellant.

**{¶5}** On March 20, 2012, Appellant appeared in court and entered a plea of not guilty.   A trial was set for April 17, 2012.

**{¶6}** At the request of Appellant, the trial in this matter was rescheduled to May 1, 2012.

**{¶7}** On April 30, 2012, Appellant filed another motion for continuance.

**{¶8}** On April 30, 2012, Appellant also filed a Motion to Dismiss.

**{¶9}** By Judgment Entry filed May 1, 2012, the trial court granted Appellant's second continuance, rescheduling the trial to May 14, 2012.

**{¶10}** On May 14, 2012, after overruling Appellant's motion to dismiss, this matter proceeded to trial.

**{¶11}** At the conclusion of the trial, the trial court found Appellant guilty and sentenced him to pay a fine of Fifty Dollars ($50.00) plus court costs.

{¶12} Appellant now appeals, assigning the following error for review:

**ASSIGNMENT OF ERROR**

{¶13} "I. THE TRIAL COURT ERRED WHEN IT PROCEEDED TO ARRAIGNMENT AND TRAIL [SIC] WHEN NO PROOF OF SERVICE WAS FILED WITH THE COMPLAINT."

**I.**

{¶14} In his sole Assignment of Error, Appellant argues that proof of service of the Complaint in this matter was never filed and that his procedural due process rights were therefore violated. We disagree.

{¶15} Ohio Traffic Rule 3 provides, in relevant part:

{¶16} **"(A)** Traffic complaint and summons

{¶17} "In traffic cases, the complaint and summons shall be the "Ohio Uniform Traffic Ticket" as set out in the Appendix of Forms.

{¶18} "***

{¶19} **"(E)** Duty of law enforcement officer

{¶20} "(1) A law enforcement officer who issues a ticket shall complete and sign the ticket, serve a copy of the completed ticket on the defendant, and, without unnecessary delay, file the court copy with the court. If the issuing officer personally serves a copy of the completed ticket on the defendant, the issuing officer shall note the date of personal service on the ticket in the space provided. …"

{¶21} Ohio Traffic Rule 3(E) requires the law enforcement officer to serve a defendant personally with a copy of the completed traffic ticket. Under Traffic Rule 3(A), such copy constitutes the complaint and summons to be served upon the defendant.

**{¶22}** Finally, Traffic Rule 11(F) states:

**{¶23}** "Failure by the defendant to raise defenses or objections or to make motions and requests *which must be made prior to plea, trial*, or at the time set by the court pursuant to subdivision (C), or prior to any extension thereof made by the court, *shall constitute waiver thereof*, but the court for good cause shown may grant relief from the waiver. (emphasis added)

**{¶24}** In the case *sub judice*, the record discloses that Appellant appeared in court, where he pled not guilty and later requested two trial continuances. Appellant waited until six weeks after receiving the ticket in this case before moving to dismiss the case based on failure to file a proof of service.

**{¶25}** Appellant's plea of not guilty was an appearance before the court whereby he waived his objection to the court's *in personam* jurisdiction over him. The issue of any alleged defect in service was a matter to be raised prior to his plea as required by Traffic Rule 11 and was thus improperly raised almost six (6) weeks after his arraignment. *State v. Savage* (1977), 60 Ohio App. 2d 394.

**{¶26}** Appellant's sole Assignment of Error is overruled.

**{¶27}** For the foregoing reasons, the decision of the Municipal Court of Ashland County, Ohio, is affirmed.

By: Wise, J.
Hoffman, P. J., and
Baldwin, J., concur.

_____

_____

_____
                                    JUDGES

JWW/d 0328

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellee                        :
                                                 :
-vs-                                             :            JUDGMENT ENTRY
                                                 :
RYAN C. HASSINGER                                :
                                                 :
    Defendant-Appellant                       :            Case No. 12 COA 023


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court, Ashland County, Ohio, is affirmed.

Costs assessed to Appellant.


_____


_____


_____

JUDGES